FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
ORIGINAL

2002 FEB 11  AM 9: 24

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| TROY ANTHONY DAVIS, | * | CIVIL ACTION |
| | * | NO. CV-401-290 |
| Petitioner, | * | |
| | * | |
| v. | * | HABEAS CORPUS |
| | * | |
| FREDRICK HEAD, Warden, | * | |
| Georgia Diagnostic Prison, | * | |
| | * | |
| Respondent. | * | |

## ANSWER-RESPONSE ON BEHALF OF RESPONDENT
## TO INITIAL PETITION FOR WRIT OF HABEAS CORPUS

Comes now, Fredrick Head, Warden, Respondent in the above-styled action, by and through counsel, Thurbert E. Baker, Attorney General for the State of Georgia, and files this his answer-response to this petition for federal habeas corpus relief filed on behalf of Petitioner, by showing and stating as follows:

## APPROPRIATE STANDARD OF REVIEW
## TO BE APPLIED BY THIS COURT

1.

As the above-styled application was filed on or about December 14, 2001, the amendments to 28 U.S.C. § 2254, as contained in the Anti-Terrorism and Effective Death Penalty Act (AEDPA), specifically, new § 2254(d), clearly apply to this

federal habeas corpus petition.  Accordingly, this Court should
not grant relief with respect to any claim raised in this
petition as presently filed, which was adjudicated on the
merits in state court proceedings unless such adjudication
either:   (1) resulted in a decision contrary to, or involved an
unreasonable application of clearly established federal law as
determined by the United States Supreme Court; or (2) resulted
in a decision based on an unreasonable determination of the
facts in light of the evidence presented in the state court
proceedings.   Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1479
(2000).

## PRESUMPTION OF CORRECTNESS
## UNDER § 2254(e)(1)

2.

Under the amendments to § 2254 of the Anti-Terrorism and
Effective Death Penalty Act, specifically, new § 2254(e)(1),
this Court should presume to be correct any determinations of
factual issues made by the state courts, either the Georgia
Supreme Court or the state habeas corpus court.  Further, a
habeas corpus petitioner "shall have the burden of rebutting the
presumption of correctness by clear and convincing evidence."
28 U.S.C. § 2254(e)(1).  See Hauser ex rel. Crawford v. Moore,
223 F.3d. 1316, 1323 (11th Cir. 2000); Bottoson v. Moore, 234 F.

2

3d 526, 531 (11th Cir. 2000); Parker v. Head, 244 F.3d 831, 835-36 (11th Cir. 2001).

### PETITIONER HAS FAILED TO ESTABLISH THAT AN EVIDENTIARY HEARING IS REQUIRED UNDER AEDPA STANDARDS

3.

As part of Petitioner's prayer for relief, he asks for a federal evidentiary hearing on the claims of his application for federal habeas corpus relief.  Pursuant to the amendments to §2254 of the Anti-Terrorism and Effective Death Penalty Act, specifically, new §2254(e)(2), this Court should not conduct a federal evidentiary hearing in this case, as Petitioner cannot establish as required by statute, that any of his claims raised in his petition: (a) rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or the claim relies on a factual predicate that could not have been previously discovered by due diligence; or (b) the facts underlying any claim would be sufficient to show by clear and convincing evidence that, but for any constitutional error, no fact-finder would have found Petitioner guilty.

As the United States Supreme Court held in Williams v. Taylor, 529 U.S. 420, 437 (2000), the applicable portion of the

3

AEDPA is meant to "give effect to Congress' intent to avoid unneeded evidentiary hearings in federal habeas corpus."

## NEW RULES OF CONSTITUTIONAL PROCEDURE

4.

Respondent asserts that Petitioner is not entitled to have relief granted as to any claims raised by Petitioner which in order for Petitioner to obtain relief, would require that this Court either to formulate "new-rules" of constitutional procedure and apply them retroactively to Petitioner's case or to extend current precedent to novel settings which would constitute "new-rules," in contravention of the standard of review of 28 USC §2254(d) and Williams v. Taylor, 529 U.S. 362, 412 (2000) and/or Stringer v. Black, 503 U.S. 222, 228 (1992) and Teague v. Lane, 489 U.S. 288 (1989).

## REQUIRED TRANSCRIPTS

5.

As required by Rule 5 of the Rules Governing Section 2254 Proceedings, counsel for Respondent is submitting, by means of a separate notice of filing, all of the applicable exhibits in this case, including the record of Petitioner's direct appeal proceedings, the pleadings and record developed in connection with Petitioner's state habeas corpus proceedings and the

4

record of Petitioner's appeal filed in the Georgia Supreme
Court from the denial of state habeas corpus relief.

If, after receiving this notice of filing, this Court or
counsel for Petitioner indicates that any relevant transcripts
have been inadvertently omitted from the submission made to
this Court, counsel for Respondent will submit any such
transcripts or documents upon request.

## DIRECT APPEAL AND POST-CONVICTION PROCEEDINGS

6.

Petitioner, Troy Anthony Davis, was indicted in Chatham
County, Georgia on November 15, 1989 for the murder of Officer
Mark Allen McPhail, obstruction (against Officer Mark Allen
McPhail), two counts of aggravated assault and possession of a
firearm during the commission of a felony.  Petitioner was
tried by jury on August 19-30, 1991 and was found guilty on all
counts of the indictment. Following the penalty phase of trial,
Petitioner was sentenced to death for the murder of Officer
Mark Allen McPhail.

On March 12, 1992, the trial court denied Petitioner's
ineffective assistance of counsel claim and also denied
Petitioner's motion for new trial, as amended, on March 16,
1992.

5

Petitioner's convictions and death sentence were affirmed by the Georgia Supreme Court in Davis v. State, 263 Ga. 5, 426 S.E.2d 844 (1993).  Petitioner's petition for a writ of certiorari was denied in Davis v. Georgia, 510 U.S. 950 (1993).

On March 15, 1994, Petitioner filed a habeas corpus petition.  An amended petition for writ of habeas corpus was filed on November 6, 1996.  On November 13, 1995, Petitioner filed a petition for immediate review in the Georgia Supreme Court seeking review of an order of the state habeas corpus court denying a motion for continuance filed by Petitioner.

The Georgia Supreme Court granted the petition for immediate review on December 13, 1995.  On May 28, 1996, that Court concluded that the habeas corpus court abused its discretion in denying Petitioner a continuance.  Davis v. Thomas, 266 Ga. 835, 471 S.E.2d 202 (1996).  Respondent's motion for reconsideration was subsequently denied on June 28, 1996.

The state habeas corpus court denied Petitioner relief on September 9, 1997.  On February 24, 2000, the Georgia Supreme Court granted Petitioner's application for certificate of probable cause to appeal from the denial of state habeas corpus relief.  The Georgia Supreme Court asked the parties to address four specific questions.

6

The Georgia Supreme Court affirmed the denial of state habeas corpus relief to the Petitioner on November 13, 2000. Davis v. Turpin, 273 Ga. 244, 539 S.E.2d 129 (2000).  On December 15, 2000, the Georgia Supreme Court denied Petitioner's motion for reconsideration.  On May 14, 2001, Petitioner then filed a petition for a writ of certiorari to the Georgia Supreme Court, which was denied on October 1, 2001.  Petitioner then filed his application for federal habeas corpus relief in this Court on December 14, 2001.

### PROCEDURAL DEFAULT

7.

Respondent expressly adopts and relies upon any findings made by the state courts as to procedural default as to any claims arising at Petitioner's trial which were not timely raised at trial and on appeal, as required by O.C.G.A. § 9-14-48(d).  Respondent submits that as to each and every claim or sub-claim of the instant federal habeas corpus petition, which was found by the state habeas corpus court to have been procedurally defaulted, this Court should defer to these findings of procedural default.  Further, absent a demonstration of cause and prejudice by Petitioner sufficient to excuse his procedural default of any and all such claims and/or sub-claims, this Court should decline to consider any of these claims and/or

subclaims on their "merits."  See Coleman v. Thompson, 501 U.S.
722, 750 (1991).  See also Strickler v. Greene, 527 U.S. 263,
283 (1999), citing Murray v. Carrier, 477 U.S. 478, 488 (1986).

As set forth individually below, Respondent submits that
certain claims raised in this petition for federal habeas corpus
relief were found to be procedurally defaulted by the state
courts and absent a demonstration of cause and prejudice, these
findings of procedural default should be deferred to by this
Court under Coleman v. Thompson.  See also Murray v. Carrier,
477 U.S. 478, 106 S.Ct. 2639 (1986); Morris v. Kemp, 809 F.2d.
1499 (11th Cir. 1987).

Respondent does not waive any findings of procedural
default by the state courts and specifically reserves the right
to amend his answer to Petitioner's petition for a writ of
habeas corpus if it appears that Respondent has inadvertently
failed to assert procedural default as to certain of
Petitioner's claims and/or sub-claims.

**EXHAUSTION**

8.

It appears that Petitioner has exhausted his state remedies
with respect to the claims raised in his petition for a writ of
habeas corpus.  However, Respondent reserves the right to raise
exhaustion of state remedies as to any claim or sub-claim of

8

this petition, if Respondent inadvertently fails to plead lack of exhaustion with respect to any claim or sub-claim.

As a general matter, a federal habeas corpus court may not grant habeas corpus relief to a state prisoner who has not exhausted their state remedies. 28 U.S.C. §2254(b)(1)(A). To exhaust his state remedies, a petitioner must "fairly present federal claims to the state courts in order to give the State the first opportunity to pass upon and correct alleged violations of its prisoners federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1998). As the Court stated in Coleman v. Thompson, 501 U.S. 722, 731 (1991), "in a federal system, the States should have the first opportunity to address and correct alleged violations" of state prisoners.

Petitioner is also required to exhaust all particular instances of ineffective assistance in his application for federal habeas corpus relief under the authority of Footman v. Singletary, 987 F.2d. 1207, 1211, n.4 (11th Cir. 1992) and Weeks v. Jones, 26 F.3d 1030 (11th Cir. 1992). In his federal petition, Petitioner raises ineffective assistance of counsel claims both under Claim Four (Brady claim) and Claim Six (ineffectiveness claim). It appears that Petitioner has exhausted his state remedies with respect to the claims of ineffective assistance of counsel that he is now raising, but

9

Respondent reserves the right to amend his answer-response, if
Petitioner raises new claims of ineffective assistance and/or
if Respondent determines that Petitioner is in fact raising
unexhausted claims of ineffective assistance of counsel in his
current petition.

## PROCEDURALLY DEFAULTED CLAIMS

9.

As to any claims raised in the federal petition, as now
filed, which the state courts, either the Georgia Supreme Court
or the state habeas corpus court, found to be procedurally
defaulted, Respondent submits that this Court should defer to
the state courts' finding of procedural default as to any and
all such issues under such authority as Coleman v. Thompson,
501 U.S. 722, 750 (1991) and absent a demonstration of cause
and prejudice, this Court should refuse to consider any such
claims on their "merits."

Respondent specifically asserts that the following Claims
and/or sub-claims have been procedurally defaulted by
Petitioner:  (1) Claim Three (challenges to various trial court
rulings), those challenges to the trial court's rulings which
are a part of Claim Three which were not raised on direct
appeal were found to be procedurally defaulted by the state
habeas corpus court, specifically, the state habeas corpus

10

court concluded that the portion of Claim Three, paragraph 2,
challenging the trial court's denials of motions for directed
verdict were either barred from reconsideration as having been
raised on direct appeal or were procedurally defaulted;
(2) Claim Four (Brady), including paragraph 5 (relating alleged
violations with respect to Kevin McQueen); paragraph 13
(relating to alleged pressure of witnesses by law enforcement
officers); paragraph 14 (relating to Sylvester Coles as alleged
triggerman and alleged conflict in the descriptions of the
triggerman) and paragraph 15 (relating to the factors allegedly
leading into Petitioner's misidentification as the triggerman);
(3) Any claims of ineffective assistance of trial counsel not
presented in the motion for new trial and on direct appeal, are
procedurally defaulted claims of ineffective assistance of
counsel and should not be considered by this Court absent a
demonstration of cause and prejudice by Petitioner.
Additionally, those portions of Petitioner's claims of
ineffectiveness of trial counsel and/or appellate counsel,
specifically found to be procedurally defaulted by the state
habeas corpus court, namely, Claim Six, paragraphs 3-24 in
which Petitioner raised additional claims of ineffective
assistance of counsel with respect to his additional Brady
claims; and paragraph 25, subparagraph f, in which Petitioner

11

alleges that trial counsel failed to adequately support the
pre-trial motions which were filed;

(4) Claim Seven, paragraph 2 (introduction of prejudicial
evidence, i.e. crime scene photographs and autopsy photographs
of the victim, to the extent these allegations were not
litigated on direct appeal;

(5) Claim Eight (Petitioner's alleged absence from critical
stages of his trial);

(6) Claim Nine (the admission of victim impact evidence;

(7) Claim Ten, paragraphs 1-10 (prosecutorial misconduct);

(8) Claim Twelve (challenge to the trial court's instructions,
except the portion of this claim challenging the instructions
relating to statutory aggravating circumstances which was
raised and decided on direct appeal);

(9) Claim Thirteen (Challenges to the Unified Appeal
Procedure); and

(10) Claim Fourteen (the death penalty is cruel and unusual
punishment in Georgia)(the portion of this claim challenging
electrocution as cruel and unusual punishment. The remainder
of this claim was rejected on its "merits" by the Georgia
Supreme Court.

Respondent reserves the right to assert procedural default
with respect to any other claims for relief not raised at trial

12

or on appeal and specifically reserves the right to assert procedural default as to any additional claims in response to any additional petition or any brief filed on behalf of Petitioner.  Further, Respondent would request the opportunity to file a response to any additional briefings or filings by Petitioner addressing any of these procedurally defaulted claims and/or sub-claims.

**GENERAL ALLEGATIONS OF THIS PETITION**

10.

Respondent denies that any of Petitioner's constitutional rights have been violated as asserted in Petitioner's petition for federal habeas corpus relief.  Respondent denies all material averments of this petition and specifically denies that Petitioner is entitled to the granting of federal habeas corpus relief on any of the seventeen claims, including the various sub-claims, of this petition.

**SPECIFIC ALLEGATIONS OF THIS PETITION**

11.

Respondent specifically denies the following claims of Petitioner's current federal petition by showing and stating the following:

> **Claim One** of this federal petition, ¶¶ 1-7,
> inclusive, raised as Claim I. of the amended state

13

habeas corpus petition, wherein Petitioner asserts
that the trial court's failure, in light of the
extensive and highly prejudicial pretrial media
coverage of his case, to grant Petitioner's motion
for a change of venue deprived him of his right to
a fair and impartial jury at the guilt/innocence
and sentencing phases of his trial, in violation of
the Fifth, Sixth, Eighth and Fourteenth Amendments.
This issue was raised and rejected on direct appeal
to the Georgia Supreme Court in Davis v. State, 253
Ga. at 7(5) and found to be barred from
reconsideration pursuant to res judicata principles
by the state habeas court.  (Respondent's Exhibit
No. 69, Order of September 5, 1997, p. 29, Section
III, A.)  The findings of the Georgia Supreme Court
as to this issue are entitled to deference by this
Court;

**Claim Two** of this federal petition, ¶¶ 1-12,
inclusive, raised as Claim II. of the amended state
habeas corpus petition, wherein Petitioner asserts
that his rights were violated when the state
exercised its peremptory strikes in a racially

14

discriminatory manner, at his trial in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.  This issue was rejected by the Georgia Supreme Court on direct appeal in Davis v. State, 263 Ga. at 7-8(10) and the state habeas court found this claim to be procedurally "barred" under res judicata principles.  (Respondent's Exhibit No. 69, Order of September 5, 1997, p. 30, Section III, B.).  The findings of the Georgia Supreme Court as to this claim should be deferred to by this Court;

**Claim Three** of this federal petition, ¶¶ 1-3, inclusive, raised as Claim III. of the amended state habeas corpus petition, wherein Petitioner asserts that the trial court's improper rulings denied him his right to a fair trial, due process and the effective assistance of counsel in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Respondent further specifically denies that portion of Claim Three, ¶ 2, in which Petitioner

alleges that the trial court repeatedly overruled
proper objections made by the defense counsel,
thereby denying his right to a fair trial and due
process of law; that the court also erroneously
denied Petitioner's motion to sever Counts III and
IV of the indictment.  The denial of Petitioner's
motion to sever was raised and decided adversely to
Petitioner on direct appeal in Davis v. State, 263
Ga. at 6(3) and the findings of the Georgia Supreme
Court in rejecting this claim should be deferred to
by this Court.

Respondent further specifically denies that
portion of ¶ 2 of Claim Three, in which Petitioner
challenges the trial court's failure to grant
defense motions for mistrial based upon discovery
violations relating to Dorothy Ferrell.  This
allegation was raised and rejected as Enumeration
of Error No. 16 on direct appeal to the Georgia
Supreme Court in Davis v. State, 263 Ga. at 6(3)
and the findings of the Georgia Supreme Court in
rejecting this claim should be deferred to by this
Court.

Respondent further specifically denies that portion of ¶ 2 of Claim Three in which Petitioner asserts that the trial court erroneously denied the Motions for Directed Verdict on the obstruction charge and on the aggravated assault on Michael Cooper; and erred in refusing to grant Petitioner's motion for new trial.  This claim was found by the state habeas corpus court to either have been raised on direct appeal and therefore, precluded from review in state habeas corpus based on res judicata principles, or alternatively, to be procedurally defaulted.  (Respondent's Exhibit No. 69, Order of September 5, 1997, p. 31, Section III., C.).  The denial of the Motions for directed verdict was raised on direct appeal as Enumeration of Error no. 15 and therefore, any additional issues concerning the denial of the motions for directed verdict are procedurally defaulted claims.

Respondent further specifically denies the assertions in ¶ 3 of Claim Three in which Petitioner alleges, that as a result of these and other improper trial court rulings and prosecutorial misconduct pled throughout this

pleading, he was denied his rights to due process
and equal protection under the United States
Constitution and therefore, his convictions and
death sentence must be reversed.

The state habeas corpus court found that the
various portions of this claim were either raised
on direct appeal and thus could not be relitigated
in the habeas corpus proceeding due to res judicata
principles, or were claims which had been
procedurally defaulted.  (Respondent's Exhibit No.
69; Order of September 5, 1997, p. 31, Section
III., C.).  Therefore, any additional challenges to
the trial court's rulings not raised on direct
appeal are procedurally defaulted claims.

**Claim Four** of this federal petition, ¶¶ 1-15,
inclusive, raised in the amended state habeas
petition as Claim IV., wherein Petitioner asserts
that the State withheld material exculpatory
evidence, and false testimony was presented, in
violation of the Fifth, Sixth, Eighth and
Fourteenth Amendments to the United States
Constitution.  The state habeas corpus court found

that Petitioner's <u>Brady</u> claim had been litigated
with respect to Dorothy Ferrell on direct appeal at
<u>Davis v. State</u>, 263 Ga. 9(11) and concluded that
the remainder of Petitioner's <u>Brady</u> claim had been
procedurally defaulted.   (Respondent's Exhibit No.
69; Order of September 5, 1997, p. 31-32).   The
findings of the Georgia Supreme Court rejecting
part of the <u>Brady</u> claim and the finding of the
state habeas corpus court that the remainder of the
claim had been procedurally defaulted, should be
deferred to by this Court;

Respondent further specifically denies the
assertions in ¶ 2 of Claim Four, that the State
suppressed information that would have been
favorable to the defense at both phases of the
trial, and the cumulative materiality of the
suppressed evidence undermines confidence in the
outcome of the guilt/innocence and penalty phases
of Petitioner's trial, sentencing and direct
appeal.   Paragraph 2 further alleges that the State
also failed to correct evidence conveying a false
impression for the jury when the impropriety
occurred.

Respondent further specifically denies
assertions in ¶ 3 of Claim Four, that to the extent
the suppressed favorable evidence might have been
available to defense counsel, but counsel failed to
obtain and effectively utilize the information,
counsel provided ineffective assistance to
Petitioner's prejudice.

Respondent further specifically denies
assertions in ¶ 4 of Claim Four, that during
pretrial proceedings, trial counsel failed to file
a Motion for Discovery, Motion to Request
Prosecutor to Disclose Evidence Favorable to the
Defendant under Brady and Giglio, Motion for Copy
of Scientific Tests, Motion to Inspect, Examine and
test Physical Evidence, Motion for Copy of
Defendant's Statements, Motion to Compel Disclosure
of Confidential Informant, Motion for Disclosure of
Impeaching Information, Motion to Preserve
Evidence, and Motion for Disclosure of Destroyed
Evidence.

Respondent further specifically denies the
assertions contained in ¶ 5 of Claim Four, the
State also presented evidence that Petitioner

20

confessed to the shooting of McPhail to another
inmate at the jail, when in truth, no such
confession ever occurred.  Respondent further
specifically denies that portion of ¶ 5 of Claim
Four, in which Petitioner alleges that the State
exacerbated this error by arguing in closing that
"there is not a reason on earth to doubt
[McQueen's] word."  In fact, this was not true and
there was every reason to doubt his word.  There
can be no doubt that this evidence played an
important part in the State's success in obtaining
a guilty verdict.

    Respondent further specifically denies
Petitioner's claims in ¶ 6 of Claim Four, in which
Petitioner alleges that one of the State's critical
eyewitnesses, Dorothy Ferrell, identified Mr. Davis
as the perpetrator of Officer McPhail's murder.
Respondent further specifically denies ¶ 6 of Claim
Four in which Petitioner further alleges that the
decisionmakers did not hear evidence that Dorothy
Ferrell had contacted the office of the District
Attorney about the possibility of a favorable
disposition in an impending criminal action against

her in exchange for her testimony, that the State
withheld this material evidence from defense
counsel, and that counsel did not receive this
information until the close of the guilt/innocence
stage of trial.  Respondent further specifically
denies the portion of this paragraph in which
Petitioner alleges that to the extent counsel's
decision to let the testimony stand was
unreasonable, counsel was constitutionally
ineffective.  Respondent further specifically
denies the portion of this paragraph in which
Petitioner alleges that the trial court denied an
adversarial testing when he denied counsel's motion
for a mistrial.

Respondent further specifically denies the
allegations of ¶ 7 of Claim Four, in which
Petitioner asserts that after the evidence closed
in the trial, but before closing argument and
charge to the jury, one of Petitioner's trial
counsel's wife  received a telephone call from a
woman who identified herself as Dorothy Ferrell,
explaining that the previous year she had gotten
into some trouble and someone from the District

Attorney's office had come to her while in jail and told they would help her if she would assist them and testify in the Davis case.  She allegedly further stated that everything she had testified to was a lie.

Respondent further specifically denies the allegations in ¶ 8 of Claim Four, in which Petitioner alleges that trial counsel moved for a continuance until Ms. Ferrell could be produced, and upon disclosure the Assistant District Attorney advised that the District Attorney had received a letter from Ms. Ferrell dated March 23, 1990 requesting assistance.  The Assistant District Attorney further admitted he had written a reply stating he was not in a position to help her.

Respondent further specifically denies the assertions made by Petitioner in ¶ 9 of Claim Four, in which Petitioner asserts that the trial court granted the request for continuance until such time as they could get Ms. Ferrell to clarify the matter.

Respondent further specifically denies the assertions made by Petitioner in ¶ 10 of Claim

Four, in which Petitioner alleges that Ms. Ferrell was brought in, testified she believed the prosecutor would assist her in her own legal problem because she had been a witness in the Davis case.

Respondent further specifically denies the assertions made by Petitioner in ¶ 11 of Claim Four, in which Petitioner asserts that because the State allegedly improperly withheld this evidence in violation of Brady v. Maryland, the decisionmakers did not hear evidence that Dorothy Ferrell could not positively identify Troy Davis as the shooter of the police officer.

Respondent further specifically denies the assertions made by Petitioner in ¶ 12 of Claim Four, in which Petitioner asserts that Ms. Ferrell recently provided a sworn affidavit that her trial testimony that she witnessed the murder and Petitioner was the shooter was not true, she capitulated to pressure from law enforcement officers, and that her recent disclosures are consistent with information developed at trial.

In ¶¶ 6 through 12 of Claim Four, Petitioner alleges Brady violations surrounding the testimony of Dorothy Ferrell. The state habeas corpus court found that it was precluded from reconsideration of this part of Petitioner's Brady claim because this issue had been raised and rejected on direct appeal to the Georgia Supreme Court in Davis v. State, 263 Ga. at 9(11). (Respondent's Exhibit No. 69, Order of September 5, 1997, p. 32, Section III., D.). Therefore, the findings of the Georgia Supreme Court as to this issue should be deferred to by this Court.

Respondent further specifically denies the assertions made in ¶ 13 of Claim Four, in which Petitioner alleges that law enforcement officers pressured other witnesses to make statements and/or identify Petitioner as the shooter resulting in unreliable identifications. This claim was raised in Petitioner's amended state habeas corpus petition, at pages 30-34. The state habeas corpus court found that except for those portions of Petitioner's Brady claims relating to the testimony of witness Dorothy Ferrell, Petitioner's Brady

claim was procedurally defaulted and this claim was one of Petitioner's procedurally defaulted <u>Brady</u> claims. (Respondent's Exhibit No. 69, Order of September 5, 1997, p. 32, Section III., D.). Therefore, this finding of procedural default should be deferred to by this Court.

Respondent further specifically denies the assertions made by Petitioner in ¶ 14 of Claim Four, in which Petitioner contends that this is a case of mistaken identity and Sylvester Coles was the perpetrator of the murder. Respondent also specifically denies the additional allegations in ¶ 14 in which Petitioner asserts that there was substantial conflict in the evidence adduced at trial regarding the identity, description, attire and physical characteristics of the two individuals involved in the assault of Mr. Young and murder of Mr. McPhail. This allegation was raised in Petitioner's state habeas corpus petition at pp. 30-34 and found to be procedurally defaulted. (Respondent's Exhibit No. 69, Order of September 5, 1997, p. 32, Section III., D.). Therefore, this

26

finding of procedural default should be deferred to
by this Court.

Respondent further specifically denies the
assertions made by Petitioner in ¶ 15 of Claim
Four, in which Petitioner alleges that the improper
conduct of State agents, combined with ineffective
assistance of counsel, led to Petitioner's
misidentification and resulting conviction and
sentence of death.

**Claim Five** of this federal petition, ¶¶ 1-25,
inclusive, raised in the amended state habeas
petition as Claim V., wherein Petitioner asserts
that he was denied a fair adversarial testing of
his convictions and sentence when his attorneys
were forced into an actual conflict of interest in
violation of the Fifth, Sixth, Eighth and
Fourteenth Amendments to the United States
Constitution.  This claim was rejected on its
merits by the state habeas court (Respondent's
Exhibit No. 69, Order of September 5, 1997, pp. 22-
28, Section II, D., 2, 3, and 4) and also affirmed
by the Georgia Supreme Court on appeal from the

denial of habeas corpus relief in <u>Davis v. Turpin</u>,
273 Ga. at 246(3)-249, (Respondent's Exhibit No.
69).  The findings of the state habeas court and
Georgia Supreme Court as to this issue should be
deferred to by this Court;

**Claim Six** of this federal petition, ¶¶ 1-31,
inclusive, raised in the amended state habeas
petition as Claims IV. and VI., wherein Petitioner
asserts that he was denied effective assistance of
counsel in violation of the Sixth, Eighth and
Fourteenth Amendments to the United States
Constitution.  Separate counsel was appointed to
raise the issue of ineffectiveness of trial counsel
during the motion for new trial and on appeal and
any claims of ineffectiveness of *trial* counsel not
raised in those proceedings and/or addressed on its
"merits" in the state habeas corpus court has been
procedurally defaulted.  The state habeas corpus
court reviewed the "merits" of Petitioner's
challenges to the effectiveness of trial counsel
during the motion for new trial stage and the
effectiveness of appellate counsel.  (<u>See</u>

Respondent's Exhibit No. 69, Order of September 5,
1997, pp. 8-9);

Respondent further specifically denies the
assertions made by Petitioner in ¶ 2 of Claim Six,
raised as Claim IV., p. 22 of the state habeas
corpus petition, in which Petitioner alleges that
the jury never heard the considerable and
compelling evidence that was exculpatory to
Petitioner because of the combined effects of the
ineffective assistance of counsel and the State's
withholding of material evidence deprived
Petitioner of a fair trial and capital sentencing
proceedings.  (See ¶¶ 2-24).  Tne state habeas
corpus court rejected this claim of ineffectiveness
on its "merits" as to the effectiveness of
appellate counsel. (Respondent's Exhibit No. 69,
Order of September 5, 1997, p. 15-16, Section II.,
C. 5).  The state habeas corpus court reiterated
that counsel raised and litigated any "possibly
meritorious elements" of this Brady claim in the
portion of the habeas corpus court's order finding
additional Brady allegations which were not raised
on direct appeal, to be procedurally defaulted.

(Respondent's Exhibit No. 69, Order of September 5, 1997, p. 31-32, Section III., E.)  Therefore, the findings of the state habeas corpus court as to this allegation of ineffective assistance of counsel should be deferred to by this Court.

Similarly, Respondent further denies ¶¶ 3-24 of Claim Six, in which Petitioner alleges further allegations of ineffective assistance with respect to raising his Brady claims.  The state habeas corpus court concluded that trial counsel had raised any possible meritorious Brady claims and therefore, rejected this allegation of ineffectiveness on its "merits."  (Respondent's Exhibit No.   , Order of September 5, 1997, p. 32).

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraphs a-b) of Claim Six, in which Petitioner alleges that the State withheld material evidence in violation of Brady v. Maryland, in connection with the testimony of Dorothy Ferrell. This claim was rejected on its "merits" by the state habeas corpus court and these findings of the state habeas corpus court should be deferred to by

this Court.   (Respondent's Exhibit No. 69, Order of
September 5, 1997, pp. 15-16, Section II., C.,
5).

Respondent further specifically denies
Petitioner's assertions in ¶ 25 (subparagraph c) of
Claim Six, raised on page 24 of Petitioner's state
habeas corpus petition, in which Petitioner asserts
that counsel failed to object to friends of the
victim identifying the victim through life
photographs at trial.   The state habeas corpus
court rejected Petitioner's challenges to trial
counsels' effectiveness based on counsels' handling
of various objections and motions and these
findings as to this issue should be deferred to by
this Court. (Respondent's Exhibit No. 69, Order of
September 5, 1997, p. 15 Section II., C., 5).

Respondent further specifically denies
Petitioner's assertions in ¶ 25 (subparagraph d) of
Claim Six, raised on page 24 of Petitioner's state
habeas corpus petition, in which Petitioner asserts
that counsel failed to object when the state
improperly presented a photograph of two of the
victim's teeth.   The state habeas corpus court

31

rejected Petitioner's challenges to trial counsels'
effectiveness based on counsels' handling of
various objections and motions and these findings
as to this issue should be deferred to by this
Court. (Respondent's Exhibit No. 69, Order of
September 5, 1997, p. 15 Section II., C., 5).

Respondent further specifically denies
Petitioner's assertions in ¶ 25 (subparagraph e) of
Claim Six, raised on page 24 of Petitioner's state
habeas corpus petition, in which Petitioner alleges
that counsel allegedly failed to object to the
introduction of victim impact evidence at both
phases of trial.  This claim was rejected on its
merits by the state habeas corpus court and these
findings of the state habeas corpus court should be
deferred to by this Court.  (Respondent's Exhibit
No. 69, Order of September 5, 1997, p. 17-18
Section II., C., 5).

Respondent further specifically denies the
claims made by Petitioner in ¶ 25 (subparagraph f)
of Claim Six, raised on page 24 of the state habeas
corpus petition, in which Petitioner asserts that
counsel failed to file several pre-trial motions to

32

protect Petitioner's rights to a fair trial and
failed to adequately support the pre-trial motions
which were filed.  The portion of this claim
raising ineffectiveness for the failure to file
pre-trial motions was rejected on its merits by the
state habeas corpus court.  (Respondent's Exhibit
No. 69, Order of September 5, 1997, p. 15, Section
II., C., 5).  However, the alleged failure to
support defense motions was found by the state
habeas corpus court to have been procedurally
defaulted. (Respondent's Exhibit No. 69, Order of
September 5, 1997, p. 31, Section III., C.).

Respondent further specifically denies the
assertions made by Petitioner in ¶ 25 (subparagraph
g) of Claim Six, raised on page 24 of the state
habeas corpus petition, in which Petitioner alleges
that that counsel failed to make objections at
trial.  As noted above, this issue was rejected on
its merits by the state habeas corpus court.
(Respondent's Exhibit No. 69, Order of September 5,
1997, p. 15, Section II.).

Respondent further specifically denies the
assertions made by Petitioner in ¶ 25 (subparagraph

33

h) of Claim Six, raised on page 24 of the state habeas corpus petition, in which Petitioner alleges that that counsel failed to conduct an adequate examination of potential jurors to ensure that Petitioner received a fair and impartial jury and failed to object to several venirepersons who allegedly could not serve impartially.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph I) of Claim Six, in which Petitioner alleges that counsel had no reasonable strategy for failing to present evidence of prior inconsistent statements from identification witnesses and therefore, rendered ineffective assistance.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph j) of Claim Six, in which Petitioner alleges that counsel failed to ensure Petitioner was present at all proceedings.  This allegation was rejected by the state habeas corpus court on its "merits" and these findings should be deferred to by this Court. (Respondent's Exhibit No. 69, Order of September 5, 1997, p.. 16, Section II., C. 5.)

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph k) of Claim Six, in which Petitioner asserts that no adversarial testing of evidence presented by the pathologist at trial was conducted.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph l) of Claim Six, in which Petitioner asserts that counsel failed to discover the State was allegedly withholding material exculpatory evidence in violation of Brady v. Maryland. This allegation was rejected on its "merits" by the habeas corpus court and these findings should be deferred to by this Court. (Respondent's Exhibit No. 69, Order of September 5, 1997, p. 15-16, Section II., C. 5.)

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraphs m-n) of Claim Six, in which Petitioner asserts that counsel failed to make objections to improper removal of jurors and sitting of jurors and failed to object to the sitting of jurors who had fixed feelings in favor of capital punishment.

35

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph o) of Claim Six, in which Petitioner alleges that counsel failed to object to Detective Ramsey remaining in the courtroom during testimony at trial in alleged violation of the rule against sequestration.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph p) of Claim Six, in which Petitioner alleges that counsel failed to conduct an adequate examination of potential jurors.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph q) of Claim Six, in which Petitioner alleges that counsel failed to adequately support his contention that the prosecution exercised his peremptory challenges in a racially discriminatory manner. This allegation of ineffective assistance was explicitly rejected by the state habeas corpus court and these findings should be deferred to by this Court. (Respondent's Exhibit No. 69, Order of September 5, 1997, p. 15, Section II., C. 5.)

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph r) of Claim Six, in which Petitioner alleges that counsel failed to object to improper evidence or present evidence from an independent crime scene expert that accurately reflected the scene on the night of the crime.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph s) of Claim Six, in which Petitioner alleges that counsel failed to object to the prosecution's exercising his peremptory challenges based on the gender of the juror.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph t) of Claim Six, in which Petitioner alleges that counsel failed to object and correct the Court's misstatement in response to the decision-maker's question about the maximum time of incarceration for a sentence of life and for a sentence of death.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph u) of Claim Six, in which Petitioner alleges that

counsel failed to conduct an adequate pretrial investigation into the State's case.

Respondent further denies the assertions in ¶ 25 (subparagraph v) of Claim Six, in which Petitioner alleges that counsel failed to object to the improper admission of the victim's Police Officers Standard and Training Council Certification.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph w) of Claim Six, in which Petitioner alleges that gruesome autopsy photographs were improperly admitted at the guilt/innocence phase and were relied upon by the State in the penalty phase.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph x) of Claim Six, in which Petitioner alleges that the prosecution repeatedly improperly led State's witnesses on direct examination.  The state habeas corpus court found that this allegation of prosecutorial misconduct which was allegedly not addressed by counsel, did not establish ineffective assistance of appellate counsel.  (Respondent's Exhibit No. 69, Order of September 5, 1997, p. 18).

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph y) of Claim Six, in which Petitioner alleges that counsel failed to interview State witnesses prior to trial.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph z) of Claim Six, in which Petitioner alleges that counsel failed to adequately confront the State's case by failing to present any defense experts.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph aa) of Claim Six, in which Petitioner asserts counsel's failure to object to the State's burden shifting argument during closing was improper.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph bb) of Claim Six, in which Petitioner asserts that counsel failed to object to the prosecutor improperly injecting the issue of punishment at the guilt/innocence phase of Petitioner's trial.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph

cc) of Claim Six, in which Petitioner asserts that counsel failed to object to the State improperly invading the province of the court and charging the jury on the law.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph dd) of Claim Six, in which Petitioner asserts that counsel failed to object to the court's improper charge at the guilt-innocence phase of the trial.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph ee) of Claim Six, in which Petitioner asserts that counsel failed to confront adequately the State's case during the guilt phase of trial.

Respondent further specifically denies the assertions made by Petitioner in ¶25 (subparagraph ff) of Claim Six, in which Petitioner alleges that counsel failed to object to the admission of several items of evidence offered by the State during the guilt phase of trial.  Additionally, the court overruled several defense objections to improper items of evidence at trial.  Timely objections and proper court rulings would have

insured that certain improper evidence was not
received and considered by the jury.

Respondent further specifically denies the
assertions made by Petitioner in ¶ 25 (subparagraph
gg) of Claim Six, in which Petitioner asserts that
counsel failed to object to the improper evidence
presented by the State in aggravation at the
penalty phase of trial.

Respondent further specifically denies the
assertions made by Petitioner in ¶ 25 (subparagraph
hh) of Claim Six, in which Petitioner alleges that
counsel failed to conduct an adequate pre-trial
investigation into Petitioner's life and background
to uncover and present to the jury evidence in
mitigation.  As a result, the jury failed to hear
compelling evidence in mitigation of sentence.

Respondent further specifically denies the
assertions made by Petitioner in ¶ 25 (subparagraph
ii) of Claim Six, in which Petitioner asserts that
counsel unreasonably failed to present significant
evidence in mitigation of punishment at the penalty
phase of Petitioner's trial.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph jj) of Claim Six, in which Petitioner alleges that counsel failed to object to misleading and improper arguments made by the prosecution during its penalty phase summation.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph kk) of Claim Six, in which alleges that counsel failed to object to those portions of the trial court's charge which failed to adequately define mitigating circumstances.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph ll) of Claim Six, that counsel rendered ineffective assistance on direct appeal when they failed to raise meritorious issues on appeal.  This issue was specifically rejected by the state habeas corpus court and these findings should be deferred to by this Court.  (Respondent's Exhibit No. 69, Order of September 5, 1997, pp. 20-21).

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph

42

mm) of Claim Six, in which Petitioner alleges that
counsel failed to request a non-unanimity charge.

Respondent further specifically denies the
assertions made by Petitioner in ¶ 25 (subparagraph
nn) of Claim Six, in which Petitioner alleges that
counsel failed to present testimony of a media
content analyst and social psychologist in support
of a motion for change of venue.

Respondent further specifically denies the
assertions made by Petitioner in ¶ 25 (subparagraph
oo) of Claim Six, in which Petitioner alleges that
counsel failed to challenge the array of the grand
jury.

Respondent further specifically denies the
assertions made by Petitioner in ¶ 25 (subparagraph
pp) of Claim Six, in which Petitioner alleges that
counsel failed to consult with a jury challenge
expert to support a motion challenging the array of
the grand and traverse juries and to present such
evidence to the court.

Respondent further specifically denies the
assertions made by Petitioner in ¶ 25 (subparagraph
qq) of Claim Six, in which Petitioner alleges that

counsel failed to interview jurors after trial and before a motion for new trial.

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph ss) of Claim Six, in which Petitioner alleges that counsel failed to file motions to suppress photographic array identifications and in court identifications of Petitioner by various eyewitnesses under the Fourth, Fifth, and Sixth Amendments of the United States Constitution. This allegation was raised on direct appeal as Enumerations of Error No. 1, 2, 4, 5 and 6, in the appeal filed on behalf of Petitioner by C. Jackson Burch, and rejected by the Georgia Supreme Court in Davis v. State, 263 Ga. at 10(17).

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph tt) of Claim Six, in which Petitioner alleges that counsel failed to file a motion to suppress D.D. Collins' photo array identification of Petitioner as the person who shot Mark McPhail and Michael Cooper. This allegation was raised on direct appeal as Enumeration of Error No. 3, in the appeal

filed on behalf of Petitioner by C. Jackson Burch, and rejected by the Georgia Supreme Court in <u>Davis v. State</u>, 263 Ga. at 10(17).

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph uu) of Claim Six, in which Petitioner alleges that counsel failed to object to the trial court's charge to the jury regarding aggravated circumstance (3A and B). This allegation was raised on direct appeal as Enumeration of Error No. 8 and 9, in the appeal filed on behalf of Petitioner by C. Jackson Burch, and rejected by the Georgia Supreme Court in <u>Davis v. State</u>, 263 Ga. at 10(17).

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraphs vv) of Claim Six, in which Petitioner alleges that counsel failed to request a charge concerning a presumption against aggravating circumstances under the Eighth and Fourteenth Amendments of the United States Constitution. This allegation was raised on direct appeal as Enumeration of Error No. 9, in the appeal filed on behalf of Petitioner by C. Jackson Burch, and

45

rejected by the Georgia Supreme Court in <u>Davis v. State</u>, 263 Ga. at 10(17).

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph ww) of Claim Six, in which Petitioner asserts that counsel failed to request a charge regarding lingering doubt as a mitigating factor under the Eighth and Fourteenth Amendments of the United States Constitution. This allegation was raised on direct appeal as Enumeration of Error No. 10, in the appeal filed on behalf of Petitioner by C. Jackson Burch, and rejected by the Georgia Supreme Court in <u>Davis v. State</u>, 263 Ga. at 10(17).

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph xx) of Claim Six, in which Petitioner asserts that counsel failed to request a charge that life is life and death is death under the Eighth and Fourteenth Amendments of the United States Constitution. This allegation was raised on direct appeal as Enumeration of Error No. 11, in the appeal filed on behalf of Petitioner by C. Jackson

Burch, and rejected by the Georgia Supreme Court in
Davis v. State, 263 Ga. at 10(17).

Respondent further specifically denies the
assertions made by Petitioner in ¶ 25 (subparagraph
yy) of Claim Six, in which Petitioner alleges that
counsel failed to object to the court's answer to
the jury's question.  This allegation was raised on
direct appeal as Enumeration of Error No. 12, in
the appeal filed on behalf of Petitioner by C.
Jackson Burch, and rejected by the Georgia Supreme
Court in Davis v. State, 263 Ga. at 10(17).

Respondent further specifically denies the
assertions made by Petitioner in ¶ 25 (subparagraph
zz) of Claim Six, in which Petitioner asserts that
counsel failed to request a charge instructing the
jury that it alone sets the defendant's sentence.
This allegation was raised on direct appeal as
Enumeration of Error No. 13, in the appeal filed on
behalf of Petitioner by C. Jackson Burch, and
rejected by the Georgia Supreme Court in Davis v.
State, 263 Ga. at 10(17).

Respondent further specifically denies the
assertions made by Petitioner in ¶ 25 (subparagraph

47

aaa) of Claim Six, in which Petitioner alleges that counsel failed to object to prejudicial use of the word murdering by the Court during its charge to the jury under the Eighth and Fourteenth Amendments to the United States Constitution. This allegation was raised on direct appeal as Enumeration of Error No. 14, in the appeal filed on behalf of Petitioner by C. Jackson Burch, and rejected by the Georgia Supreme Court in Davis v. State, 263 Ga. at 10(17).

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph bbb) of Claim Six, in which Petitioner asserts that counsel failed to object to the Court's charge to the jury on possession of a firearm during the commission of a felony under the Eighth and Fourteenth Amendments to the Constitution.  This allegation was raised on direct appeal as Enumeration of Error No. 15, in the appeal filed on behalf of Petitioner by C. Jackson Burch, and rejected by the Georgia Supreme Court in Davis v. State, 263 Ga. at 10(17).

Respondent further specifically denies the assertions made by Petitioner in ¶ 25 (subparagraph

ccc) of Claim Six, in which Petitioner alleges that counsel failed to call Dorothy Ferrell to testify in front of the jury.  This allegation was raised on direct appeal as Enumeration of Error No. 16, in the appeal filed on behalf of Petitioner by C. Jackson Burch, and rejected by the Georgia Supreme Court in Davis v. State, 263 Ga. at 10(17).

Respondent further specifically denies the assertions made by Petitioner in ¶¶ 26-27 of Claim Six, in which Petitioner alleges that counsel failed to preserve objections to constitutional errors and to raise and litigate these issues through the motion for new trial and on direct appeal.  (Respondent's Exhibit No. 69; Order of September 5, 1995, p. 21-24).

Respondent further specifically denies the assertions made by Petitioner in ¶ 28 and 29 of Claim Six, in which Petitioner alleges that during the pendency of Petitioner's motion for new trial, the trial court appointed C. Jackson Burch to "review the record for effective assistance of counsel" and therefore, the trial court held a hearing on motion for new trial where Petitioner

was represented by two sets of attorneys, and Mr.
Burch alleging that trial counsel was ineffective
at trial.   Respondent denies Petitioner's assertion
that the trial court's appointment of dual counsel
deprived Petitioner of effective assistance of
counsel at motion for new trial and on direct
appeal.   This issue was rejected by the state
habeas corpus court (Respondent's Exhibit No. 69,
Order of September 5, 1997, pp. 22-28) and the
Georgia Supreme Court affirmed the denial of state
habeas corpus relief as to this issue on appeal in
Davis v. Turpin, 273 Ga. at 246-249(3).   The
findings of the state courts as to this issue
should be deferred to by this Court.

Respondent further specifically denies the
assertions made by Petitioner in ¶ 30 of Claim Six,
in which Petitioner alleges that direct appeal
counsel failed to present all errors of the
Superior Court and to the extent that appellate
counsel failed to realize and litigate these issues
on appeal, counsel rendered ineffective assistance
of counsel and Petitioner was prejudiced thereby.
This issue was rejected by the state habeas corpus

court and the findings of the state habeas corpus
court should be deferred to by this Court
(Respondent's Exhibit No. 69, Order of September 5,
1997, pp. 20-28).

Respondent further specifically denies the
assertions made by Petitioner in ¶ 31 of Claim Six,
in which Petitioner alleges he presented "a wealth
of evidence" to the habeas corpus court that
counsel's performance was deficient in several
areas.  Respondent further denied that portion of
this paragraph in which Petitioner asserts that
this court must review the cumulative effect of the
errors at all phases of the capital proceedings
that denied Petitioner an adversarial testing.
The state habeas corpus court's conclusion with
respect to counsel's ineffectiveness reviewed the
cumulative effect of counsel's errors and rejected
Petitioner's assertions of ineffectiveness.
(Respondent's Exhibit No. 69, Order of September 5,
1997, pp. 20-21).  This finding of the state habeas
corpus court should be deferred to by this Court.

**Claim Seven** of this federal petition, ¶¶ 1-3, inclusive, raised in the amended state habeas petition as Claim VII., wherein Petitioner asserts that the introduction of prejudicial and inflammatory evidence at trial in the form of crime scene photographs and autopsy photographs of the victim violated his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.  The admission of certain photographs was raised and litigated adversely on direct appeal in Davis v. State, 263 Ga.5, 9(12) and the remainder of this claim was found to be procedurally defaulted in the state habeas corpus court. (Respondent's Exhibit No. 69, Order of September 5, 1997, p.33-34).  These findings of the Georgia Supreme Court and of the state habeas corpus court should be deferred to by this Court;

**Claim Eight** of this federal petition, ¶¶ 1-15, inclusive, raised as Claim VIII. of the state habeas corpus petition, wherein Petitioner asserts that his absence from critical stages of the proceedings violated the Fifth, Sixth and

Fourteenth Amendments to the United States Constitution and prejudiced his right to a fair trial. This issue was found to be procedurally defaulted by the state habeas corpus court (Respondent's Exhibit No. 69, Order of September 5, 1997, p. 34-35, Section III., G.) and this finding of procedural default was affirmed on appeal from the denial of habeas corpus relief in Davis v. Turpin, 273 Ga. at 249(4));

**Claim Nine** of this federal petition, ¶¶ 1-5, inclusive, raised as Claim IX. of the state habeas corpus petition, wherein Petitioner asserts that the trial court impermissibly allowed the prosecutor to introduce victim impact evidence in violation of Petitioner's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. This claim was found to be procedurally defaulted by the state habeas corpus court and this finding of procedural default should be deferred to by this Court. (Respondent's Exhibit No. 69, Order of September 5, 1997, pp. 35-36, Section III., H.);

**Claim Ten** of this federal petition, ¶¶ 1-10,
inclusive, raised as Claim X. of the state habeas
corpus petition, wherein Petitioner asserts that
the prosecutor's inflammatory and improper
comments, arguments, and conducted rendered his
convictions and resulting death sentence
fundamentally unfair and unreliable in violation of
the Sixth, Eighth and Fourteenth Amendments to the
United States Constitution.

Respondent further specifically denies ¶ 2 of
Claim Ten, in which Petitioner alleges that the
prosecutor injected improper and inflammatory
matters into the trial proceedings.

Petitioner further specifically claims in an
additionally numbered ¶ 2 of Claim Ten, that the
prosecutor repeatedly asked leading questions of
witnesses.

Petitioner further specifically claims in ¶ 3 of
Claim Ten, that during closing argument at the
guilt phase of trial, the prosecutor improperly
bolstered his own witnesses.  Paragraph 3 further
alleges that the prosecutor failed to disclose the

54

alleged bias of Ms. Ferrell until after the guilt phase in violation of <u>Brady</u>.

Petitioner further specifically claims in ¶ 4 of Claim Ten, that the prosecution continued this argument by asserting that the witnesses were somehow afraid of Petitioner, and his assertion that the homicide took place over a "few murderous hours" was impermissible and not true.

Petitioner further specifically claims in ¶ 5 of Claim Ten, that the prosecutor also impermissibly commented on the Petitioner's right to present evidence.

Petitioner further specifically claims in ¶ 6 of Claim Ten, that the prosecutor concluded his argument with more egregious comments implying that the jury's job was to vote for the entire community.

Petitioner further specifically claims in ¶ 7 of Claim Ten, that the prosecutor's closing argument at penalty phase was also loaded with impermissible argument and comments. Paragraph 7 further alleges that the prosecutor argued the defense had coached their witnesses.

Petitioner further specifically claims in ¶ 8 of Claim Ten, that the prosecutor repeatedly engaged in improper comments during this argument, denying Petitioner's right to a fair and impartial jury and fair trial.

Petitioner further specifically claims in ¶ 9 of Claim Ten, that the prosecutor again made egregious comments when he encouraged the jury to vote to protect the community.

Petitioner further specifically claims in ¶ 10 of Claim Ten, that defense counsel failed to raise substantial meritorious objections, and this inaction undermined confidence in the outcome of trial.

The state habeas corpus court found that Petitioner's allegations of prosecutorial misconduct, as now alleged in Claim Ten, had been procedurally defaulted. (Respondent's Exhibit No. 69, Order of September 5, 1997, p. 36.);

**Claim Eleven** of this federal petition, ¶¶ 1-6, inclusive, raised as Claim XI. of the state habeas corpus petition, wherein Petitioner asserts that

his sentence of death is being exacted pursuant to a pattern and practice of Georgia prosecuting authorities, courts and juries to discriminate on grounds of race, sex, and poverty in the administration of rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.  The state habeas corpus court found that this issue was at least partially raised in the sentence review portion of Petitioner's direct appeal to the Georgia Supreme Court in Davis v. State, 263 Ga. 5, 10(18)(1993).  Therefore, the state habeas corpus court found that it was barred from relitigating this issue pursuant to res judicata principles.  (Respondent's Exhibit No. 69, Order of September 5, 1997, p. 37, Section III., J.).

However, on direct appeal, the Georgia Supreme Court found that the Georgia's death penalty laws were not unconstitutional for any reasons alleged. Davis v. State, 263 Ga. at 9(13).  This finding of the Georgia Supreme Court should be deferred to by this Court;

**Claim Twelve** of this federal petition, ¶¶ 1-6, inclusive, raised as Claim XII. of the state habeas corpus petition, wherein Petitioner asserts that he was denied due process of law by the instructions given to the jury at the guilt/innocence and penalty phases of his trial in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Respondent further specifically denies ¶ 2 of Claim Twelve, in which Petitioner alleges that the jury instructions given at the guilt/innocence phase and penalty phase in Petitioner's case, both individually and collectively, were ambiguous, insufficient, vague, contrary to law and confusing, thus the jury's decision based upon these instructions is unreliable.

Respondent further specifically denies ¶ 3 of Claim Twelve, in which Petitioner alleges that the court charged the jury prior to the guilt/innocence phase that "If I make an error, it can be corrected by a higher court" and this charge impermissibly minimized the jurors' role in the decisionmaking

process and diminished the responsibility of the
jury.

Respondent further specifically denies ¶ 4 of
Claim Twelve, in which Petitioner alleges that the
court charged the jury that "you must follow the
law that I give you, whether you agree with it or
not." and this charge impermissibly denied the
juror's right to nullification.  Paragraph 4
further alleges that the court's charge on
possession of a firearm during the commission of a
felony impermissibly invaded the province of the
jury and improperly stated a conclusion, and the
court's further charges concerning possession of a
firearm were duplicitous in that they did not
require the jury to unanimously decide what felony
formed the basis of felony murder.

Respondent further specifically denies ¶ 5 of
Claim Twelve, in which Petitioner alleges that the
charge on the aggravator of heinous, atrocious or
cruel left the jury with no guidance on how to
apply the aggravator and was not supported by the
record, was vague and failed to channel the jury's
decision-making process.

Respondent further specifically denies ¶ 6 of
Claim Twelve, in which Petitioner alleges that
because of deficiencies in jury instructions,
Petitioner's right to a meaningful and reliability
determination of guilt and sentence were violated.

The state habeas corpus court found that certain
issues concerning the trial court's instructions to
the jury had been presented on direct appeal. See
Davis v. State, 263 Ga. 5, 9(15).  The state habeas
corpus court then found that any additional
challenges to the jury instructions had been
procedurally defaulted.  (Respondent's Exhibit No.
69, Order of September 5, 1997, p. 38);

**Claim Thirteen** of this federal petition, ¶¶ 1-9,
inclusive, raised as Claim XIII. of the state
habeas corpus petition, wherein Petitioner asserts
that the Unified Appeal Procedure violated his
rights under the Fifth, Sixth, Eighth and
Fourteenth Amendments to the United States
Constitution.  Claim Thirteen was found to be
procedurally defaulted by the state habeas corpus
court and this finding of procedural default should

60

be deferred to by this Court.  (Respondent's
Exhibit No. 69, Order of September 5, 1997, p. 38-
39, Section III., L.);

**Claim Fourteen** of this federal petition, ¶¶ 1-20,
inclusive, raised as Claim XIV. of the state habeas
corpus petition, wherein Petitioner asserts that
the death penalty constitutes cruel and unusual
punishment in the State of Georgia in that it is
applied in an arbitrary and capricious fashion and
the application of the death penalty to him
constitutes cruel and unusual punishment.  The
state habeas corpus court found that the
disproportionality challenge portion of this claim
had been raised and rejected on direct appeal to
the Georgia Supreme Court and therefore, the state
habeas corpus court was barred from relitigating
this issue pursuant to res judicata principles.
See Davis v. State, 263 Ga. 10(18).  Respondent's
Exhibit No. 69, Order of September 5, 1997, p. 39-
40, Section III., M.).  On appeal to the Georgia
Supreme Court from the denial of state habeas
corpus relief, the Georgia Supreme Court reaffirmed

its previous holding that Petitioner's death sentence was proportionate.  Davis v. Turpin, 273 Ga. at 245(2).

As to the portion of this claim challenging execution by electrocution as cruel and unusual punishment, the Georgia Supreme Court concluded, as had the state habeas corpus court, that this portion of this claim had been procedurally defaulted.  Davis v. Turpin, 273 Ga. at 245(1);

**Claim Fifteen** of this federal petition, ¶¶ 1-10, inclusive, raised in Appellant's brief on direct appeal, pages 16-19, wherein Petitioner asserts that the trial court erred in excusing from the jury panel certain jurors who were opposed to the death penalty and in placing upon the panel jurors who had formed or held opinions in violation of Petitioner's rights under the Sixth, Eighth and Fourteenth Amendments.  The Georgia Supreme Court rejected this allegation on direct appeal in Davis v. State, 263 Ga. 7(6),(7),(8)and (9).  The findings of the Georgia Supreme Court should be deferred to by this Court;

**Claim Sixteen** of this federal petition, ¶¶ 1-3 inclusive, raised as Enumeration of Error No. 22 on direct appeal to the Georgia Supreme Court, wherein Petitioner asserts that the trial court erred in excluding mitigation evidence in violation of Petitioner's rights under the Sixth, Eighth and Fourteenth Amendments.  The Georgia Supreme Court decided this issue adversely to Petitioner in Davis v. State, 263 Ga. 9(14) and these findings of the Georgia Supreme Court should be deferred to by this Court;

**Claim Seventeen** of this federal petition, ¶¶ 1-5 inclusive, raised as Claim XV. of the state habeas corpus petition, wherein Petitioner asserts that Petitioner's trial was fraught with procedural and substantive errors, which cannot be harmless when viewed as a whole since the combination of errors deprived him of the fundamentally fair trial guaranteed under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.  The state habeas corpus court

rejected this issue on the "merits" and this
finding by the state habeas corpus court should be
deferred to by this Court.   (Respondent's Exhibit
No. 69, Order of September 5, 1997, p.40-42,
Section III., N.).

### ADDITIONAL ASSERTIONS BY RESPONDENT

12.

Respondent requests that if this Court should reject the
findings of procedural default made by the state courts as to
any of the claims presented in Petitioner's petition,
Respondent be given an opportunity to brief those claims on
their "merits."

13.

Respondent submits that Petitioner cannot establish that
he is entitled to an evidentiary hearing under the standards of
Williams v. Taylor, 529 U.S. 420, 437 (2000) and therefore,
Respondent denies that Petitioner should be granted an
evidentiary hearing in this Court, as asked for by Petitioner
in his prayer for relief.   Respondent submits that this Court
should rely on the findings of fact made by the state courts in
adjudicating Petitioner's claims.

14.

Respondent denies that Petitioner is entitled to conduct discovery, as prayed for in this petition.  Respondent submits that this Court should deny any request for discovery made by Petitioner, as Petitioner has had repeated opportunities to litigate his claims in the state courts.  See Harris V. Nelson, 394 U.S. 286 (1967).

15.

Respondent asserts that Petitioner should be required to seek leave of Court to further amend his petition and that barring the explicit granting of a right to further amend this petition, no amendment to this petition should be allowed.

16.

Respondent is filing a memorandum in support of this answer-response to Petitioner's application for federal habeas corpus relief, but respectfully requests the right to further brief, not only questions of exhaustion and/or procedural default, but also requests to be able to fully brief any issues briefed by Petitioner or which this Court finds is properly before this Court for review on its "merits."

17.

Respondent denies that Petitioner is entitled to any of the relief sought by means of the instant petition.

18.

As noted above, Respondent is filing an initial brief on behalf of the Respondent and requests the opportunity to file an additional responsive brief once this Court determines the threshold questions of exhaustion, procedural default and if Petitioner files further briefs in support of his claims.

## CONCLUSION

WHEREFORE, having answered the allegations of Petitioner's petition for federal habeas corpus relief and there being no cause why the writ should issue and no necessity for a federal evidentiary hearing, Respondent prays that this Court deny Petitioner habeas corpus relief without conducting a federal evidentiary hearing and remand Petitioner to the custody of Respondent.

Respectfully submitted,

THURBERT E. BAKER                    033887
Attorney General

MARY BETH WESTMORELAND               750150
Deputy Attorney General

SUSAN V. BOLEYN                      065850
Senior Assistant Attorney General

Please serve:

SUSAN V. BOLEYN
Senior Assistant Attorney General
40 Capitol Square, S. W.
Atlanta, Georgia 30334-1300
Telephone:  (404) 656-3397

67

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing Answer-Response, prior to filing the same, by depositing a copy thereof, postage prepaid, in the United States Mail, properly addressed upon:

> Thomas H. Dunn
> Georgia Resource Center
> 303 Elizabeth Street, N.E.
> Atlanta, Georgia 30307
>
> Michael Garrett (Local Counsel)
> 801 Broad Street
> Augusta, Georgia 30901-1230

*Courtesy copy to:*

> Honorable John F. Nangle
> U.S. District Judge
> Southern District of Georgia
> Savannah Division
> P. O. Box 8287
> Savannah, Georgia 31412

This _7th_ day of February, 2002.

_____
SUSAN V. BOLEYN
Senior Assistant Attorney General